**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br> Plaintiff, )<br> ) 2:11-cr-00259-RCJ-CWH<br> vs. )<br> )<br>RANDY GRAHAM, ) **ORDER**<br> )<br> Defendant. )<br> ) | |

Pending before the Court is a motion that the Court interprets as a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 40). Defendant Randy Graham pled guilty to a single count of Possession of a Firearm by a Convicted Felon, 18 U.S.C. § 922(a)(1) and § 924(a)(2), pursuant to a Plea Agreement. (*See* J., Aug. 10, 2012, ECF No. 38; Plea Mem., Feb. 2, 2012, ECF No. 29). The Court sentenced Defendant to sixty-five months imprisonment, with a three years of supervised release to follow. (*See id.* 2–3). Defendant has asked the Court to vacate his conviction for ineffective assistance of counsel. The Court denies the motion. Defendant complains that trial counsel was ineffective for two reasons: (1) counsel pressured him into accepting the Plea Agreement; and (2) counsel failed to appeal an allegedly illegal search.

First, Defendant indicated in his plea colloquy that the factual basis for the Plea Agreement was true and that he had not been coerced by his attorney or anyone else into accepting the terms of the Plea Agreement. In other words, this is a simple case of buyer's remorse. Defendant obtained the benefit of a sixty-five-month sentence via the Plea Agreement,

1  thereby avoiding a potential ten-year sentence upon a jury conviction and potential additional
2  charges.  He obtained this benefit after testifying under oath in this Court, *inter alia*: that he was
3  not under the influence of any narcotics or other medications and was competent to plead (a
4  representation that the Court found credible through in-person observation), that he was satisfied
5  with his attorney's representation, that he understood his trial rights and agreed to waive them in
6  exchange for the consideration in the Plea Agreement, that he understood the charge and in fact
7  committed the crime as charged, that no one had threatened him or forced him to plead guilty
8  involuntarily via any duress, that he understood he had an obligation to tell the Court about any
9  such coercion, that he had read the Plea Agreement, understood it, and had discussed it with
10 counsel before signing it.

11      Second, the Plea Agreement provided that Defendant could not appeal or collaterally
12 attack any aspect of his conviction or sentence apart from any alleged ineffective assistance of
13 counsel. (*See* Plea Mem. 4–5).  That broad waiver included arguments concerning the alleged
14 unconstitutionality of any searches related to the crime charged.  Because Defendant had waived
15 his right to appeal based upon the allegedly illegal search, counsel's refusal to file an appeal on
16 that basis cannot have resulted in prejudice, even assuming the alleged refusal constituted
17 ineffective assistance under *Strickland*.

## CONCLUSION

19      IT IS HEREBY ORDERED that the Motion to Vacate, Set Aside or Correct Sentence
20 Pursuant to 28 U.S.C. § 2255 (ECF No. 40) is DENIED.

21      IT IS SO ORDERED.

22 Dated:  June 9, 2014.

_____
ROBERT C. JONES
United States District Judge